UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
JAMES OWENS; VICTORIA J. SPIERS; GARY  :
ROBERT OWENS; BETTY OWENS; BARBARA     :
GOFF; FRANK B. PRESSLEY, JR.; YASEMIN  :         20cv02648 (DLC)
B. PRESSLEY; DAVID A. PRESSLEY; THOMAS :
C. PRESSLEY; MICHAEL F. PRESSLEY; BERK :         OPINION AND ORDER
F. PRESSLEY; JON B. PRESSLEY; MARC. Y. :
PRESSLEY; SUNDUS BUYUK; MONTINE BOWEN; :
FRANK PRESSLEY, SR.; BAHAR BUYUK;      :
SERPIL BUYUK; TULAY BUYUK; AHMET       :
BUYUK; DOROTHY WILLARD; ELLEN MARIE    :
BOMER; DONALD BOMER; MICHAEL JAMES     :
CORMIER; ANDREW JOHN WILLIAM CORMIER;  :
ALEXANDRA RAIN CORMIER; GEORGE KARAS;  :
NICHOLAS KARAS; PAUL HIRN; ELOISE      :
HUBBEL; MARGARET BAKER; LINDA          :
O'DONNELL; ESTATE OF LEROY MOOREFIELD; :
LORETTA PAXTON; LORA MURPHY; LINDA     :
SHOUGH; LAURA HARRIS; ESTATE OF ROGER  :
MOOREFIELD; ESTATE OF RODNEY           :
MOOREFIELD; RICHARD PATRICK; ESTATE OF :
EULOGIO QUILACIO; EDILBERTO QUILACIO;  :
ROLANDO QUILACIO; SUSAN NICHOLAS;      :
CANDELARIA FRANCELISO; WILLIAM MWILA;  :
EDWINA MWILA; HAPPINESS MWILA;         :
PATRICIA FEORE; CLYDE M. HIRN; ALICE   :
M. HIRN; PATRICIA K. FAST; INEZ P.     :
HIRN; JOYCE REED; WORKLEY LEE REED;    :
CHERYL L. BLOOD; BRET W. REED; RUTH    :
ANN WHITESIDE; LORIE GULICK; PAM       :
WILLIAMS; FLOSSIE VARNEY; LYDIA        :
SPARKS; HOWARD SPARKS; TABITHA CARTER; :
HOWARD SPARKS, JR.; MICHAEL RAY        :
SPARKS; GARY O. SPIERS; VICTORIA Q.    :
SPIERS; JULITA A. QUALICIO; JUDITH     :
ABASI MWILA; DONTE AKILI MWAIPAPE;     :
DONTI AKILI MWAIPAPE; VICTORIA DONTI   :
MWAIPAPE; ELISHA DONTI MWAIPAPE;       :
JOSEPH DONTI MWAIPAPE; DEBORA DONTI    :
MWAIPAPE; NKO DONTI MWAIPAPE; MONICA   :
AKILI; AKILI MUSUPAPE; VALENTINE       :
MATHEW KATUNDA; ABELLA VALENTINE       :
KATUNDA; VENANT VALENTINE MATHEW       :
KATUNDA; DESIDERY VALENTINE MATHEW     :

KATUNDA; VEIDIANA VALENTINE KATUNDA;   :
DIANA VALENTINE KATUNDA; EDWINE        :
VALENTINE MATHEW KATUNDA; ANGELINA     :
MATHEW FELIX; EDWARD MATHEW            :
RUTAHESHELWA; ELIZABETH MATHEW         :
RUTAHESHELWA; ANGELINA MATHEW          :
RUTAHESHELWA; HAPPINESS MATHEW         :
RUTAHESHELWA; ERIC MATHEW              :
RUTAHESHELWA; ENOC MATHEW              :
RUTAHESHELWA; ANGELINA MATHEW-FERIX;   :
MATHEW-FERIX; MATHEW RTAHESHELWA;      :
TIRISA THOMAS; SAMUEL THOMAS MARCUS;   :
CECILIA SAMUEL MARCUS; CORONELLA       :
SAMUEL MARCUS; KULWA RAMADHANI; RIZWAN :
KHALIQ; JENNY CHRISTIANA LOVBLOM;      :
IMRAN KHALIQ; TEHSIN KHALIQ; KAMRAN    :
KHALIQ; IMTIAZ BEDUM; IRFAN KHALIQ;    :
YASIR AZIZ; NAURIN KHALIQ; KENNETH     :
SPENCER, JR.; SAMUEL P. RICE; STEVEN   :
JOSEPH DIAZ; ESTATE OF DAVID BROWN;    :
ESTATE OF JESSE JAMES ELLISON; ROBERT  :
SWORD; STEVEN SIBILLE; DONALD HOWELL;  :
FRANCES SPENCER; ESTATE OF KENNETH     :
SPENCER, SR.; AMY MORROW; KAREN BROWN; :
KRIS BOERGER; SAMUEL O. RICE; BELINDA  :
RICE; AMY COGSWELL; DAVID RICE; TODD   :
RICE; VALERIE TRAIL; DANIEL RICE; LISA :
SCHULTZ; STEVEN JAMES DIAZ; JANE       :
ASTRID DIAZ; ROBERT DIAZ; TERESA DIAZ; :
MAGDALENA MARY DIAZ; RAUL DIAZ; EDWARD :
DIAZ; ESTATE OF DANIEL P. DIAZ;        :
CARMELLA WOOD; PATSY MCENTIRE; LEWIS   :
BROWN; LISA MAYBIN; RONNY BROWN;       :
CYNTHIA BURT; ESTATE OF THERISA        :
EDWARDS; ESTATE OF ANDRES ALVARADO     :
MIRBAL; ESTATE OF NERIDA TULL BAEZ;    :
ESTATE OF MARGARET O'BRIEN; MITCHELL   :
ANDERSON; ESTATE OF VIRGINIA ELLISON;  :
ESTATE OF KENNETH ELLISON; KIMBERLY    :
CARLSON; GARY CARLSON; DANIEL CARLSON; :
WILLIAM CARLSON; PENNY NELSON; BEULAH  :
SWORD; WILLIAM SWORD; JOHN SWORD;      :
JERRY SWORD; CAROLINE BROADWINE;       :
ESTATE OF VERIAN SIBILLE; ESTATE OF    :
VICTOR SIBILLE, JR.; VICTOR SIBILLE    :
IV; VICTOR WATORO; KEVIN SIBILLE;      :

VALERIE UNKEL; PAMELA SCHULTZ;          :
STEPHANIE HARDY; MARY JANE HOWELL;      :
RONALD HOWELL; DONNA BLACK; MARIO H.    :
VASQUEZ; DENNY WEST; THE ESTATE OF      :
JOHN CHIPURA; EILEEN CHIPURA; NANCY     :
CHIPURA; GERARD CHIPURA; SUSAN COHEN;   :
ESTATE OF ROSCOE HAMILTON; FREDA SUE    :
GAYHEART; RAMONA GREEN; ROBERT          :
HAMILTON; JAMES EDWARDS; RAY EDWARDS;   :
BETTY SUE ROWE; GARY EDWARDS; RALPH     :
EDWARDS; ESTATE OF LARRY EDWARDS;       :
ESTATE OF DAVID WORLEY; NANCY WORLEY;   :
DAVID WORLEY; BRYAN WORLEY; ESTATE OF   :
JOHN BUCKMASTER; ESTHER BUCKMASTER;     :
GREGG BUCKMASTER; VICKIE BUCKMASTER;    :
ARLEY BUCKMASTER; ESTATE OF MALKA       :
ROTH; FRIMET ROTH; PESIA ROTH; RIVKA    :
ROTH RAPPAPORT; ZVI ROTH; SHAYA ROTH;   :
PINCHAS ROTH; ESTATE OF JACOB FRITZ;    :
NOALA FRITZ; ESTATE OF LYLE FRITZ;      :
ETHAN FRITZ; DANIEL FRITZ; ESTATE OF    :
BRYAN CHISM; ELIZABETH CHISM; DANNY     :
CHISM; VANESSA CHISM; JULIE CHISM;      :
ESTATE OF SHAWN FALTER; LINDA FALTER;   :
MARJORIE FALTER; ESTATE OF RUSSELL J.   :
FALTER; RUSSELL C. FALTER; ANDREW       :
LUCAS; DAVID LUCAS; TIMOTHY LUCAS;      :
MARSHA NOVAK; JASON SACKETT; JOHN       :
SACKETT; ESTATE OF AHMED AL-TAIE;       :
HATHAL K. TAIE; KOUSAY AL-TAIE; NAWAL   :
AL-TAIE; MONICAH OKOBA OPATI, in her    :
own right, as executrix of the estate   :
of CAROLINE SETLA OPTI; SELIFAH         :
ONGECHA OPATI; RAEL ANGARA OPATI;       :
SALOME RATEMO, in his own right, as     :
executor of the ESTATE OF SALLY         :
CECILIA MAMBOLEO; KEVIN RATEMO;         :
FREDRICK RATEMO; LUIS RATEMO; STACY     :
WAITHERA; MICHAEL DANIEL WERE; JUDITH   :
NANDI BUSERA; ROSELYNE KARSORANI;       :
GEORGE MWANGI; BERNARD MACHARI; GAD     :
GIDEON ACHOLA; MARY NJOKI MUIRIRI;      :
JONATHAN KARANIA NDUTI; ANNE NGANGA     :
MWANGI; ESTER NGANGA MWANGI; GITIONGA   :
MWANIKI; ROSE NYETTE; ELIZABETH NZAKU;  :
PATRICK NYETTE; CORNELIUS KEBUNGO;      :

PHOEBE KEBUNGO; JOAN ADUNDO; BENARD          :
ADUNDO; NANCY NJOKI MACHARIA; STANLEY         :
KINYUA MACHARIA; SALLY OMONDI; JAEL           :
NYOSIEKO OYOO; EDWIN OYOO; MIRIAM             :
MUTHONI; PRISCAH OWINO; GREG OWINO;           :
MICHAEL KAMAU MWANGI; CHRISTINE MIKALI        :
KAMAU; JOSEPH GATHUNGA; JOSHUA O.             :
MAYUNZU; ZACKARIA MUSALIA ATING'A;            :
JULIUS M. NYAMWENO; POLYCHEP ODHIAMBO;        :
DAVID JAIRUS AURA; CHARLES OLOKA              :
OPONDO; ANN KANYAHA SALAMBA; ANN              :
SALAMBA; ERASTUS MIJUKA NDEDA; CECILIA        :
NDEDA; TECHONIA OLOO OWITI; JOSEPH            :
INGOSI; WILLIAM W. MAINA; PETER NGIGI         :
MUGO; SIMON MWANHI NGURE; JOSEPH K.           :
GATHUNGU; DIXON OLUBINZO INDIYA; PETER        :
NJENGA KUNGU; CHARLES GT. KABUI; JOHN         :
KISWILI; FRANCISO KYALO; ROSE NYETTE;         :
PATRICK NYETTE; CHARITY KITAO; LEILANI        :
BOWER; WINNIE NDIODA KIMEU;; MICHAEL          :
NGANGA KIMEU; AUDREY MAINI NASIEKU            :
PUSSY; KENNEDY OKELO; HELLEN OKELO            :
NYAIEGO; RONALD OKELO; ELIZABETH M.           :
AKINYI OKELO; LESLIE ONONO; LAURA             :
ONONO; STEPHEN ONONO; ANDREW ONONO;           :
LESLEY HELLEN ACHIENG; RISPAH JESSICA         :
AUMA; STEPHEN JONATHAN OMANDI; ANDREW         :
THOMAS OBONGO; LAURA MARGARET ATIENO;         :
WALLACE NJOREGE STANLEY NYOIKE; PETER         :
KINYANJUI; LUKAS NDILE KIMEU; JACKSON         :
KTHUVA MUSKOYA; GLADYS MUNANIE               :
MUSYOKA; TITUS MUSYOKA; ARCY MUSYOKA          :
KITHUVA; JANE MUTUA; MARY NZISIVA             :
SAMUEL; SYUINDO MUSYOKA; KILEI                :
MUSYOKA; KEELIY MUSYOKA; MANZI                :
MUSYOKA; CONCEPTOR ORENDE; GRACE              :
BOSIBERI ONSONGO; NEPHAT KIMATHI;             :
LEONARD SHINENGAH; CAROLINE WANGU             :
KARIGI; STEVE MARUNGI KARIGI; MARTIN          :
KARIGI; WYCLIFFE OKELLO KHABUCHI;             :
IRENE KHABUCHI; MARY SALIKU BULIMU;           :
HESBON BULIMU; JACKSON BULIMU; GODFREY        :
BULIMU; MILLICENT BULIMU; LYDIA               :
BULIMU; RODGERS BULIMU; FRIDA BULIMU;         :
EMMILY BULIMU; MERCY BULIMU; HESBON           :
LIHANDA; WINIFRED MAINA; BETTY KAGAI;         :

```
KATIMBA MOHAMED; FRIDA YOHAN MTITU;    :
GEOFFREY L. TUPPER; OMAR ZUBERI OMAR;  :
ASHA R. MAHUNDI; EMMA R. MAHUNDI;      :
MWAJUMA R. MAHUNDI; SHABAN R. MAHUNDI; :
JUMA R. MAHUNDI; AMIRI R. MAHUNDI;     :
YUSUPH R. MAHUNDI; MWAJABU R. MAHUNDI; :
ALLY R. MAHUNDI; SAID R. MAHUNDI;      :
MWAJUMBA MAHUNDI; ASHA SHABANI KILUWA; :
LEVIS MADAHANA BUSERA; EMMANUEL        :
MUSAMBAYI BUSERA; CHRISTINE KAVAI      :
BUSERA; AGNES TUPPER; AGNES WANJIKU    :
NDUNGU; SHADRACK TUPPER; DONNIE        :
GAUDENS; SELINA GAUDENS; MARY ESTHER   :
KIUSA; LEONARD RAJAB WAITHIRA; JOSEPH  :
NDUNGU WAITHIRA; GRACE WANJIRU         :
WAITHIRA; BADAWY ITATI ALI; FRIDAH     :
MAKENA ALIJAH; RUTH GATWIRI MWIRIGI;   :
JOAN KENDI NKANATHA; FRANCIS JOSEPH    :
KWINBERE; IRENE FRANCIS KWIMBERE;      :
FREDRICK FRANCIS KWIMBERE; SANI        :
BENJAMIN FRANCIS KWIMBERE; BARBARA     :
WOTHAYA OLAO; ALLAN COLLINS OLAO;      :
LEVINA VALERIAN R. MINJA; VIOLET       :
TIBRUSS MINJA; EMMANUEL TIBRUSS MINJA; :
NICKSON TIBRESS MINJA; REHANA MALIK;   :
ELIZABETH CLIFFORD TARIMO; MARAGET     :
CLIFFORD TARIMO; MERCY NYOKABI         :
NDIRITU; CHRISTOPHER NDIRITU; EDWIN    :
KAARA MAGOTHE; SEDRICK JEROME KEITH    :
NAIR; TANYA NAIR; SEDRICK NAIR;        :
VALENTINA HIZA; CHRISTOPHER HIZA;      :
CHRISTANTSON HIZA; CHRISTEMARY HIZA;   :
SALIMA ISUMAIL; JOSEPH FARAHAT         :
ABDALLAH; MAJDOLINE SARAH ABDALLAH;    :
RISPAH AYSHA ABDALLA; CHRISTINE BWAKU; :
EPHRAIM BWAKU; FLAVIA HIYANGA; DIANA   :
FREDERICK KIBODYA; MARGARET NJERU      :
MURIGI; BELONCE WAIRIMU MURIGI; FAITH  :
NJERI MURIGI; MISCHECK NDUATI MURIGI;  :
ERIC WAMBUA MWAKA; PETER MULWA MWAKA;  :
FELIX MATHEKA MWAKA; CIVILIER WAYUA    :
MWAKA; AGNES AKIWAL KUBAI; COLLINS     :
KUBAI; CELESTINE KUBAI; SALINE KUBAI;  :
HELLEN JEPKORIR MARITIM; ALICE JEROP   :
MARITIM; RUTH CHERONO MARITIM; ANNE    :
CHEPKEMOI MARITIM; SHARONE MARITIM;    :
```

EDGAR MARITIM; SHEILA CHEBET MARITIM;   :
GIDEON MARITIM; EDGAR KIPLINO MARTIN;   :
RAMMY KIPYEGO ROTICH; WAMBUI E. KUNGU;  :
LORNA N. KUNGU; EDWARD G. KUNGU; ONEAL  :
EZEKIEL MDOBILU; ONAEL DAVID MDOBILU;   :
PETER LOUS MDOBILU; JOHN GEORGE         :
MDOBILU; KATHERINE ANNE MDOBILI;        :
KATHERINE MWAKA; IMMANUEL SETVEN        :
MDOBILU; ANIPHA SOLLY MPOTO; JOSHUA     :
DANIEL MDOBILU; INOSENSIA MPOTO;        :
VICTOR MPOTO; DENIS MATERN MPOTO;       :
ANTHONY MUNGAI; BARBARA MUTHONI; EDDIE  :
KIARIE KIBURU; ANTHONY KIARIE; BARBARA  :
KIARIE; JOANNE NATALIE AWUOR OPORT;     :
YVONNE NATASHA AKINYI OPORT; SALLY      :
RISSY AUMA OPORT; MILICENT MALESI;      :
CHARITY KIATO; JUDY KIARIE; GODFREY     :
JADEVERA; LYDIA ANDEMO; RODGERS         :
AKIDIVA; FRIDA MWANURU; EMMILY MMBONE;  :
JACKSON MADEGWA; MERCY MAKUNGU; LYDIA   :
OSEBE GWARO; DEBORA MOIGE GWARO;        :
EMMANUEL OGORO GWARO; JAMES OGWERI      :
GWARO; EUCABETH GWARO; JOHN NDIBUI      :
MWANGI; GIDEON WABWOBA OFISI; ANDREW    :
NHULI MAKAU; FRANCIS WABUTI OFISI;      :
GEOFFREY MBUURI MBUGUA; ALEX JOHN       :
MJUGUNA MBUGUA; ANNE WAMBUI NG'ANG'A;   :
ESTHER NJERI NG'ANG'A; CATHERINE NJERI  :
MWANGI; JACKSON NDUNGU; JOHN NGURE;     :
LUCY KAMBO; JACKLINE WAMBUI; JEFF       :
RABAR ORIARO; BETTY ORIARO; FELIX       :
MUNGUTI; PETRONILA KATHEO MUNGUTI;      :
ALEX KITHEU MUNGUTI; ZAKAYO MATIKO;     :
JACOB GATI; VALENTINE JEMO; MAUREEN     :
KADI; BEVERLYNE KADI; BEVERLYNE NDEDA;  :
CECILIA DAYO; DICKSON ULLETA LIHANDA;   :
RUTH KAVERERI; BERYL SHIUMBE; IRENE     :
KHASANDE; MICHAEL TSUMA; LESLIE         :
SAMBULI; PETER KUNIGO; HARRIET CHORE;   :
JAMES JANDY MURABU; STANLEY CHAKA       :
MURABU; STACY CHAKA; JAMES CHAKA;       :
STACEY NZALAMBI MURABU; IFURAIM         :
ONYANGO OKUKU; CHRISTINE NABWIRE        :
OKUKU; JOSPEH KAMBO; VALLEN ANDEYO;     :
PETER MUYALE KUYA; PENINAH AKWALE       :
MUCII; DANIEL AMBOKO KUYA; LOISE KUYA;  :

NORMAN KAGAI; TABITHA KAGAI; CHARLES   :
KAGAI; WENDY KAGAI; PAULINE AKOTH      :
ADUNDO; SAMUEL ODHIAMBO; THERESA       :
ACHIENG ADUNDO; ISIDORE OPONDO ADUNDO; :
ANNE WASONGA ADUNDO; THOMAS ADUNDO;    :
JANE KHABUCHI; HENRY ALIVIZA           :
SHITIAVAI; JUDY ALIVIZA SHITIAVAI;     :
HUMPHREY ALIVIZA; COLLINS MUDAIDA      :
ALIVIZA; JACQUELINE ALIVIZA; JARUHA    :
YASHIEENA MUSALIA; FLORENCE MUSALIA;   :
ELLY MUGOVE MUSALIA; VALLEN ANDEYO;    :
JURUHA MUSALIA; GLADIS LIHANDA; RUTH   :
LIHANDA; HESBON LIHANDA; JANE ISIAHO   :
SHAMWAMA; BEATRICE HOKA; BEATRICE      :
AMDUSO; JOAB ANDAYI MISANGO; JUSTIN    :
AMDUSO; IREEN SEMO; JOHNSTONE MUKABI;  :
ANN WAIRIMU; MARYANN NJOKIE; DANIEL    :
KIONGO; SAMMY NDUNGU KIARIE; FAITH     :
MUTINDI; JOYCE MUTHEU; BEATRICE        :
ATINGA; SAMMY OKERE; PURITY MUHONJA;   :
VICTOR ADEKA, BRIAN KUBAI; JOHN        :
ZEPHANIA MBOGE; JOYCE THADEI LOKOA;    :
MERESIANA (MARY) PAUL; GRACE PAUL;     :
RASHID SELEMANI KATIMBA; SAID SELEMANI :
KATIMBA; ASHA OMARI ABDULLAH; AUGUST   :
MAFFRY; CAROLINE S. MAFFRY; ALISON D.  :
MAFFRY; ALICEMARY TALBOT; ENNA JOHN    :
OMOLO; LYNETTE OYANDA; LINDA OYANDA;   :
FELOGENE OYANDA; VERA JEAN OYANDA;     :
CLAIRE OWINO, KENNETH OWINO; LEAH      :
OWINO; GERALD OWINO; ORA COHEN; MEIRAV :
COHEN; SHIRA COHEN; DANIEL COHEN;      :
ELCHANAN COHEN; ORLY COHEN; ORLY       :
MOHABER; SHALOM COHEN; SHOKAT SADIAN;  :
RONIT MOHABER; NERIA MOHABER; JOSEPH   :
MOHABER; NETHANIEL CHAIM BLUTH;        :
SHOSHANA ROSALYN BLUTH; EPHRAIM BLUTH; :
TSIPORA BATYA BLUTH REICHER; ISAAC     :
MENAHEM BLUTH; YIGAL AMIHAI BLUTH;     :
ARIEH YAHUDA BLUTH; CHANINA SAMUEL     :
BLUTH; ABRAHAM BLUTH; JOSEPH BLUTH;    :
WINIFRED WAIRIUMU WAMAI, in her own    :
right, as personal representative of   :
the ESTATE OF ADAMS TITUS WAMAI; DIANA :
WILLIAMS; TITUS WAMAI; ANGELA WAMAI;   :
LLOYD WAMAI; JOHN MURIUKI GIRANDI;     :

SARAH ANYISO TIKOLO, individually and      :
for the ESTATE OF MOSES GEOFREY            :
NANIAI; NEGEEL ANDIKA; GRACE NJERI         :
KIMATA, individually and as personal       :
representative for the ESTATE OF           :
FRANCIS WATORO MAINA; GITAU CATHERINE      :
WAITHIRA; EARNEST GICHIRI GITAU;           :
FELISTER WANJIRU GITAU; GRACE NJERI        :
GICHO, individually and as personal        :
representative for the ESTATE OF PETER     :
KABAU MACHARIA; DIANA NJOKI MACHARIA;      :
NGUGI MACHARIA; LUCY KAMAU,                 :
individually and as personal               :
representative for the ESTATES OF          :
JOSEPH KAMAU KIONGO and TERESIA            :
WAIRIMU; JANE KAMAU; ALICE MUHONI          :
KAMAU; NEWTON KAMAU; PAULINE KAMAU;        :
PETER KAMAU; MERCY KAMAU WAIRIMU; ANN      :
WAMBUI KAMAU; DANIEL KIOMHO KAMAU;         :
NYANGORO WILFRED MAYAKA, individually      :
and as personal representative for the     :
ESTATE OF MAYAKA LYDIA MUKIRI; DOREEN      :
MAYAKA; DICK OBWORO; DIANA NYANGARA;       :
DEBORAH KERUBO; DEBRA MAYAKA; JACOB        :
AWALA, individually and as personal        :
representative for the ESTATES OF          :
JOSIAH OWUOR and EDWINA OWUOR; WARREN      :
AWALA; VINCENT OWOUR; MORDECHAI THOMAS     :
ONONO, individually and as personal        :
representative for the ESTATE OF LUCY      :
GRACE ONONO; PRISCILLA OKATCH,             :
individually and as personal               :
representative for the ESTATE OF           :
MAURICE OKATCH OGOLA; DENNIS OKATCH;       :
ROSEMARY ANYANGO OKATCH; SAMSON           :
OKATCH; JENIPHER OKATCH; JOSINDA          :
KATUMBA KAMAU, individually and as         :
personal representative for the ESTATE     :
OF VINCENT KAMAU NYOIKE; CAROLINE          :
WANJIRU KAMAU; FAITH WANZA KAMAU;          :
ELIZABETH VUTAGE MALOBA, individually      :
and as personal representative for the     :
ESTATE OF FREDERICK YAFES MALOBA;          :
KENNETH MALOBA; MARGARET MALOBA;           :
ADHIAMBO SHARON; OKILE MARLON; LEWIS       :
MAFWAVO; MARLONG OKILE; MARY MUTHEU        :

NDAMBUKI, individually and as personal :
representative for the ESTATE OF KIMEU :
NZIOKA NGANA; GRACE NJERI GICHO,       :
individually and as personal           :
representative for the ESTATE OF PETER :
KABAU MARCHARIA; STANLEY NJAR NGUGI;    :
MARGARET NJOKI NGUGI; ANN RUGURU;       :
NAGUGI MACHARIA; DAVID KARIUKI NGUGI;   :
PAUL MWANGI NGUGI; JOHN MUNGAI NGUGI;   :
PETER NGUGI; GRACE NJERI KIMATA,        :
individually and as personal           :
representative for the ESTATE OF        :
FRANCIS WATORO MAINA; MAINA VICTOR;     :
WAMBUI RACHEL; OLE PUSSY SAMUEL         :
KASHOO, individually and as personal   :
representative for the ESTATE OF        :
RACHEL MUNGASIA PUSSY; ANDREW PUSSY;    :
SAMUEL PUSSY; DOREEN NASIEKU; ELSY      :
PUSSY; ROSEMARY ANYANGO OLELE,          :
individually and as personal           :
representative for the ESTATE OF        :
FRANCIS OLEWE OCHILO; WENDY ACHIENG;    :
JULIET AWUOR; JANE KATHUKA,             :
individually and as personal           :
representative for the ESTATE OF        :
GEOFFREY MULU KALIO; BERNICE MUTHEU     :
NDETI; DAEN NTHAMBI MULU; TABITHA       :
NTHAMBI KALIO; AQUILAS MUTUKU KALIO;    :
CATHERINE MBATHA; LILIAN MBELU KALIO;   :
CATHERINE GITUMBO, individually and as :
personal representative for the ESTATE :
OF JOEL GITUMBO KAMAU; EUNICE MUTHOUI; :
ELIZABETH WANJIKU; DAVID KAMAU; PETER   :
KIBUE KAMAU; PHILIP KARIUKI GITUMBO;    :
KAMALI MUSYOKA, individually and as     :
personal representative for the ESTATE :
OF DOMINIC MUSYOKA; BEATRICE MARTHA     :
KITHUVA; BENSON MALUSI MUSYOKA; WASON   :
MUSYOKA; CAROLINE KASUNGO MGALI; TITUS :
KYAW MUSYOKA; VELMA BONYO,              :
individually and as personal           :
representative for the ESTATE OF        :
KLYELIFF C. BONYO; DORINE BONYO;        :
ELIJAH BONYO; ANJELA BONYO; WINNIE      :
BONYO; JOYCE ABUR, individually and as :
personal representative for the ESTATE :

9

```
OF ERIC ONYANGO; TILDA A. ABUR;         :
KELESENDHIA APONDI; BARNABAS ONYANGO;   :
PAUL JABODA ONYANGO; FAITH KIHAFIO,     :
individually and as personal            :
representative for the ESTATE OF TONY   :
KIHATO IRUNGU; JACQUILINE WANGECI;      :
STEVE MBUKU; ANNAH WANGECI IRUNGU; ALI  :
HUSSEIN ALI, individually and as        :
personal representative for the ESTATE  :
OF HINDU OMAR IDDI; FATHMA IDDI; OMAR   :
IDDI; HAMIDA IDDI; RASHIHID IDDI;       :
MAHMOUD IDDI; SUSAN HIRSH,              :
individually and as personal            :
representative for the ESTATE OF        :
ABDULRAHMAN M. ABDALLA; SELINA SAIDI,   :
individually and as personal            :
representative for the ESTATE OF SAIDI  :
ROGATH; ESTATE OF VERONICA ALOIS        :
SAIDI; JOHN SAIDI; DANIEL SAIDI;        :
IDIFONCE SAIDI; ESTATE OF AISHA         :
MAWAZO; ADABETH NANG'OKO; HANUNI        :
NDANGE, individually and as personal    :
representative for the ESTATE OF YUSUF  :
NDANGE; MAUA MDANGE; HALIMA NDANGE;     :
JUMA NDANGE; MWHAJABU NDANGE; ABDUL     :
NDANGE; RAMAHDANI NDANGE; JUDITH        :
MWILA, individually and as personal     :
representative for the ESTATE OF        :
WILLIAM ABBAS MWILA; MOHAMED Y.         :
MNYOLYA, individually and as personal   :
representative for the ESTATE OF        :
ABDALLAH M. MNYOLYA; NURU H. SULTANI;   :
AISHA KAMBENGA, individually and as     :
personal representative for the ESTATE  :
OF BAKARI NYUMBU; KULWA RAMADHANI,      :
individually and as personal            :
representative for the ESTATE OF DOTTO  :
RAMADHANI; MENGO RAMADHANI; REHENA      :
RAMADHANI; UPENDI RAMADHANI; KASSIM     :
RAMADHANI; MAJAHWA RAMADHANI; SAIDI     :
MTUYLA; ABDUL MTULYA; MAGDALENA PAUL,   :
ESTATE OF ELISHA E. PAUL; SHABANI       :
MTULYA, individually and as personal    :
representative for the ESTATE OF        :
MTENDEJE RAJABU; HUSSEIN RAMADHANI,     :
individually and as personal            :
```

```
representative for the ESTATE OF        :
RAMADHANI MAHUNDI; RUKIA MUNJIRU ALI;   :
MILKE W. MACHARIA; BEUNDA KEBOGO J.     :
CHAKA; GEORGE M. MIMBA; MARY OFISI;     :
MONICA MUNYORI; NICHOLAS M. MUTISO;     :
DAVID K. KIBURU; JECINTA W. WAHOME;     :
JOSEPH WAHOME; BELINDA AKINYI ADIKA;    :
KIRIUMBU WMBURU MUKURIA; ELIZABETH      :
MULI KIBUE; MARY WANJUGU GITONGA;       :
LAYDIAH WANJIRU MWANGI; CHARLES MWAKA   :
MULWA; BONIFACE CHEGE; LUCY CHEGE;      :
CAROLINE W. GICHURU; LIVINGSTONE        :
MADAHANA; WELLINGTONE OLUOMA; MARINI    :
KARIMA; ELSIE W. KAGIMBI; SAMUEL O.     :
ORIARO; GIDEON K. MAZITIM; MARGARET W.  :
NDUNGU; MENELIK KWAMIA MAKONNEN; JOHN   :
MUIRU NDUNGU; CHARLES NKANATHA; PERIS   :
GITUMBU; STACY WAITHERE; CAROLINE NGUI  :
NGUGI; PATRICK OUMA OKECHI; RAPHEL N.   :
KIVINDYO; TOBIAS O. OTIENO; AARON       :
MAKAU; RAMDAN KIMAM JURAU; CAROLINE N.  :
OCHIENG; OLAMBO CHARLES; EMILY K.       :
MINAYO; FRANCIS MAINE NDIBUL; CHARLES   :
M. NDIBUL; MOSES M. KUIYVA; MARINA      :
KIRIMA; THOMAS OHUORO; LIMMLES I.       :
KASUI; MICHAEL N. MWORIA; JOASH O.      :
OKENDO; JULIUS OGORO; AGGREY N. ABUTI;  :
RENSON M. ASHIKA; ABDULRAHMAN R.        :
BASHIR; JENNIFER J. CHEBOL; JOSEPH T.   :
GATHECHA; IDDI A. KAKA; JAMES KANJA;    :
BERNARD M. KASWII; DAVID M. KIMANI;     :
SAMUEL KIVINDYO; PETER N. KUNG'U;       :
WAMBUI KUNG'U; RACHEL WAMBUI WATORO;    :
LORNA KUNG'U; EDWARD KUNG'U; GITONGA    :
MWANIKE; THOMAS G. KURIA; JAMES M.      :
MACHARIA; MILKA WANGARI MACHARIA;       :
TOITORO O. MASANGA; ROBERT M. MATHEKA;  :
RICHARD N. MAWEU; MATTHEW M. MBITHI;    :
FRANCIS N. MBURU; PAUL K. MUSAU;        :
EDWARD M. MUTHAMA; THOMAS M. MUTUA;     :
JAMES M. MUTUKU; PAUL G. MWINGI; LUCAS  :
M. NDILE; ANTHONY NGINYA; ALEXANDER C.  :
NJERU; ENOS NZALWA; JULIUS M. NZIVO;    :
FREDERICK O. OBANGA; JUSTUS M. WAMBUA;  :
MAKONNEN K. MENERIC; JAMES BABIRA       :
NDEDA; PAULINE D. ABDALLAH; JOHN        :
```

11

```
NDUATI; WUNNIE W. GICHURU; BLASIO      :
SHIKAMI; BLASIO KUBAI; CYNTHIA KIMBLE; :
HENRY KESSY; EVITTA KWIMBERE;          :
ELIZABETH SLATER; NAFISA MALIK;        :
VALERIE NAIR; LAUREL MCMULLEN;         :
CHRISTANT HIZA; FREDERICK KABODYA;     :
JUSTINA MDOBILU; BENJAMIN WINFORD;     :
CHRISTOPHER MCMULLEN; HOSIANNA MMBAGA; :
TIBRUSS MINJA; SAJJAD GULAMALI;        :
ANNASTACIAH LUCY BOULDEN; CLIFFORD     :
TARIMO; SITA MAGUA; EDDIESON KAPESA;   :
VALENTRY KATUNDA; EDSON MAUMU;         :
ZEPHANIA MBOGE; EDWARD RUTASHEHERWA;   :
VICTOR MPOPO; ALLY KINDAMBA; GAUDENS   :
THOMAS; MARY ONSONGO, individually and :
as personal representative for the     :
ESTATE OF EVANS ONSONGO; ENOCH         :
ONSONGO; PERIS ONSONGO; VENICE         :
ONSONGO; ONSONGO MWEBERI; SALOME       :
ONSONGO; BERNARD ONSONGO; EDWIN        :
NYANGAU ONSONGO; GEORGE ONSONGO; VENIS :
ONSONGO; EUNICE ONSONGO; PENINAH       :
ONSONGO; GLADYS ONSONGO; IRENE KUNG'U; :
OSBORN OLWCH AWALLA, individually and  :
as personal representative for the     :
ESTATES OF JOSIA OWUOR and EDWINA      :
OWUOR; WARREN AWALA; VINCENT OWUOR;    :
MARTHA ACHIENG ONYANGO, individually   :
and as personal representative for the :
ESTATE OF ERIC ONYANGO; JULIANA ATIENO :
ONYANGO; MARITA ONYANGO; IRENA KUNG'U; :
MILLY MIKALI AMDUSO; JOYCE AUMA OMBESE :
ABUR, individually and as personal     :
representative for the ESTATE OF ERIC  :
ABUR ONYANGO and on behalf of her      :
child TILDA ABUR; JOYCE ONYANGO; JAMES :
ANDAYI MUKABI; HAMSA SAFULA ASDI,      :
individually and as personal           :
representative for the ESTATE OF       :
ABALIAH MUSYDKYA MWILU and on behalf   :
of her children HAMIDA MWILU,          :
VONZAIDRISS MWILU, and ASHA MWILU;     :
GERALD BOCHART; YVONNE BOCHART; JOMO   :
MATIKO BOKE; SELINA BOKE; MONICAH      :
KEBAYI MATIKO; VELMA AKOSA BONYO,      :
individually and as personal           :
```

12

representative for the ESTATE OF       :
CHRISPINE BONYO; DOREEN BONYO; ELIJAH  :
BONYO; ANGELA BONYO; WINNIE BONYO;     :
BENSON OKUKU BWAKU; BEATRICE MUGEMI    :
BWAKU; BELINDA CHAKA; MURABU CHAKA;    :
LUCY WAIRIMU; CATHERINE LUCY NYAMBURA  :
MWANGI; ANASTASIA GIANOPULOS, as       :
executrix of THE ESTATE OF PHAEDRA     :
VERONTAMITIS and on behalf of the      :
children LEON VERONTAMITIS, PAUL       :
VERONTAMITIS, and ALEXANDER            :
VERONTAMITIS; GRACE NJERI GICHO, in    :
her own right and as executrix of THE  :
ESTATE OF PETER KABAU MACHARIA, and on :
behalf of the child DIANA NJOKI; LUCY  :
MUTHONI GITAU, in her own right, as    :
executrix of the ESTATE OF LAWRENCE    :
AMBROSE GITAU, and on behalf of the    :
children MARGARET WAMBUI GITAU, SUSAN  :
NJERI GITAU, CATHERINE WAITHERA GITAU, :
FELISTER WANJIRU GITAU, and ERNEST     :
GIGHIRI GITAU; JAPETH MUNJAL GODIA;    :
MERAB A. GODIA; JOTHAM ODIANGO GODIA;  :
GRACE AKANYA; OMARI IDI, in her own    :
right and as executrix of the ESTATE   :
OF HINDU OMARI IDI, and on behalf of   :
the children MAHAMUD IDI, RASHID IDI,  :
and HAMIDA IDI; CAROLINE NGUHI KAMAU;  :
KIMANI KAMAU; HANNAH NGENDA KAMAU, in  :
her own right and as Executrix of the  :
ESTATE OF VINCENT KAMAU KYOIKE, and on :
behalf of the children STANLEY NYOIKE, :
SIMON NGUGI, MERCY WANJIRU, JENNIFER   :
NJERI, and ANTHONY NJOROGE; JANE       :
KAMAU, in her own right and as         :
Executrix of the ESTATE OF JOSEPH      :
NDUTA KAMAU, and on behalf of the      :
children MONICAH WAIRIMO KAMAU, and    :
JOAN WANJIKO KAMAU; JOSINDA KATUMBA    :
KAMAU, in her own right and as         :
Executrix of the ESTATE OF VINCENT     :
KAMAU KYOIKE, and on behalf of the     :
children FAITH WANZA KAMAU, CHRISTINE  :
M. KAMAU, CAROLYNE W. KAMAU, DUNCAN    :
NYOIKE, and RUTH NDUTA; JANE KAVINDU   :
KATHUKA in her own right and as        :

```
Executrix of the ESTATE OF GEOFFREY    :
MULU KALIO; DAWN NTHAMBI MULU; IKONYE  :
MICHAEL KIARIE; JANE MWERU KIARIE;     :
HUMPHREY KIBIRU; JENNIFER WAMBUI;      :
MICHAEL KIBUE KAMAU; DAVID KIBURU;     :
HUMPHREY KIBURU; JUDY WALTHERA; FAITH  :
WAMBUI KIHATO, in her own right and as :
Executrix of the ESTATE OF TONY KIHATO :
IRUNGU, and on behalf of the children  :
JACQUELINE IRUNGU, and STEVE INRUGU;   :
HARRISON KARIUKI KIMANI; GRACE WANJIKU :
KIMANI; GRACE NJERI KIMATA, in her own :
right and as Executrix of the ESTATE   :
OF FRANCIS WATORO MANAI, and on behalf :
of the children VICTOR MANAI and       :
RACHEAL WAMBUI; ALICE MUZHOMI KIONGO,  :
in her own right and as Executrix of   :
the ESTATE OF JOSEPH KAMAU KIONGO, and :
on behalf of the children NEWTON       :
KAMAU, PETER IKONYA, TERESIA WAITIMER, :
PAULINE WANKIA KAMAU, and the ESTATE   :
OF TERESIA WAIRIMU KAMAU; LUCY KAMAU   :
KIONGO, as Executrix of the ESTATE OF  :
TERESIA WAIRIMU KAMAU; ELIZABETH       :
VICTORIA KITAO; RAPHAEL N. KIVINDYO;   :
MARGARET MWIKALI NZOMO; LUKA MWALIE    :
LITWAJ; MARY VUTAGWA MWALIE; DENNIS    :
KINYUA; MOSES KINYUA; NANCY N.         :
MACHARI; ELIZABETH VUTAGE MALOBA, in   :
her own right and as Executrix of the  :
ESTATE OF FREDERICK MALOBA YAFES, and  :
on behalf of the children MARLON OKILE :
MALOBA, LEWIS MAFWAVO MALOBA, and      :
SHARON ADHIAMBO MALOBA; MARGARET       :
ONYACHI MALOBA, in her own right and   :
as Executrix of the ESTATE OF          :
FREDERICK MALOBA YAFES, and on behalf  :
of the children KENNETH MALOBA, FAITH  :
ACHEING, DERRICK MAOAKITWE, STEVEN     :
ODHIAMBO, and BELINDA ADHIAMBO; SARA   :
MWENDIA MBOGO, in her own right and as :
Executrix of the ESTATE OF FRANCIS     :
MBOGO NJUNGE, and on behalf of the     :
children MESHARK IRERI, ISACK KARIUKI, :
REUBEN NYAGA, NANCY WANJERU, EPHANUS   :
NJAGI, STEPHE NJUKI, and ANNE MUCHOGO; :
```

STELLA WAMBUI MBUGUA; SOLOMON MBUGUA    :
MBUUN; SAMUEL MBUGUA NDUNGU; GEORGE     :
MAGAK MIMBA; NANCY MAGAK; EMILY         :
KANAIZA MINAY; HUDSON CHORE MAKIDIAH;   :
BARBARA E. MULI; STEPHEN MULI; CHARLES  :
MWAKA MULWA; CATHERIN NDUKI MWAKA;      :
RAPHAEL PETER MUNGUTI; MARY MBENEKA     :
MUNGUTI; BENSON NDEGWA MURUTHI; PHOEBA  :
NYAGUTHI NDEGWA; ANGELA MWONGELI;       :
SAMMY NG'ANG'A MWANGI; LUCY N.          :
NG'ANG'A; SARA TIKOLO NANIAI, in her    :
own right and as Executrix of the       :
ESTATE OF MOSES NAMAI, and on behalf    :
of the children NIGEEL ANDIIKA NAMAI;   :
JAMES NDEDA; VALENTINE NDEDA; MAUREEN   :
NDEDA; ROSELYNE KASORANI; CHARLES       :
MWANGI NDIBUI; MARGRET MWANGI NDIBUI;   :
FRANCIS MAINA NDIBUI; WINFRED MAINA;    :
AARON MAKAU NDIVO; LYDIAH MDILA MAKAU;  :
MARY MUTHONI, in her own right and as   :
Executrix of the ESTATE OF FRANCIS      :
NDUNGU MBUGUA, and on behalf of the     :
children EDITH NJERI, SAMUEL MBUGWA,    :
ANGES WANJIKU, JAMLECK GITAU, JOHN      :
MWIRY, and ANASTASIAH LUCY MUGURE;      :
OMUCHIRWA CHARLES OCHOLA; RAEL OCHOLA;  :
MARY MAKAU OFISI; JOHN MAKAU OFISI;     :
JULIUS GWARDO OGORO; ELIZABETH KERUBO   :
GWARO; PRISCILLA NDULA OKATCH, in her   :
own right and as Executrix of the       :
ESTATE OF MAURICE OKATUH OGOLLA, and    :
on behalf of the children JACKLINE      :
ACHIENG, ROSEMARY ANYANGO, SAMSON       :
OGOLLA, and DENNIS OKOTH; CAROLINE      :
OCHI OKECH; JOHNATHAN GILBERT OKECH;    :
PATRICK OUMA OKECH; PHELISTER OKECH;    :
MISCHECK MBOGO; PHAEDRA VRONTAMITIS;    :
LEONIDAS VRONTAMITIS; ALEXANDER         :
VRONTAMITIS; ISAAC KARIUKI MBOGO;       :
REUBEN NYAGA MBOGO; NANCY MBOGO;        :
EPHANTUS MBOGO; STEPHEN MBOGO; ANN      :
MBOGO; NEPHAT MBOGO; JOASH OTAO         :
OKINDO; LYDIA NYABOKA OTAO; ROSEMARY    :
A. OLEWE, in her own right and as       :
Executrix of the ESTATE OF FRANCIS      :
OLEWE OCHILO, and on behalf of the      :

```
children CHARLES OLEWE, JULIET OLEWE,    :
and WENDY OLEWE; DANIEL OWITI OLOO;      :
MAGDALINE ANYANGO OWITI; MARY AKOTSI     :
MUDECHE; FLORENCE PAMELA OMORI, in her   :
own right and as Executrix of the        :
ESTATE OF EDWIN OPIYO OMORI, and on      :
behalf of the children BRYAN BOAZ        :
OMORI, and JERRY ORETA OMORI; DOREEN     :
ATIENO OPORT; PHILEMON OPORT; OPORT      :
OPORT; SAMUEL ODHIAMOB ORIARO; BETTY     :
OBUNGA; RACHEL OYANDA; MARGARET KANINI   :
OTOLO, in her own right and as           :
Executrix of the ESTATE OF ROGER TOKA    :
OTOLO, and on behalf of the children     :
VICTOR OTOLO, ABRAHAM OTOLO, and         :
RICHARD OTOLO; TRUSHA PATEL; PANKAY      :
PATEL; HILARIO AMBROSE FERNANDES;        :
ROSELYNE NDEDA; ANNAH WANGECHI;          :
MICHAEL WARE; HANNAH WAMBUI; and         :
JACINTA W. WAHOME,                       :
                                         :
                       Plaintiffs,       :
                                         :
             -v-                         :
                                         :
TURKIYE HALK BANKASI A.S., a/k/a         :
"HALKBANK,"                              :
                                         :
                       Defendant.        :
                                         :
------------------------------------- X
```

APPEARANCES

For plaintiffs:
Robert L. Weigel
Jason W. Myatt
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166

Chantale Fiebig
Matthew D. McGill
Noah P. Sullivan
Suria M. Bahadue
Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036

For defendant:
John S. Williams
Eden Schiffmann
Akhil K. Gola
Williams & Connolly LLP
725 Twelfth Street, NW
Washington, DC 20005

Mehmet Baysan
Omer Er
Michelman & Robinson, LLP
800 Third Avenue, 24th Floor
New York, NY 10022

DENISE COTE, District Judge:

The plaintiffs in this case, judgment creditors of Iran, bring suit against defendant Turkiye Halk Bankasi A.S. ("Halkbank"), a Turkish bank, seeking turnover of funds that allegedly belonged to Iranian state-owned enterprises and were fraudulently conveyed by Halkbank in a scheme to evade U.S. sanctions.  Halkbank has moved to dismiss this action.  For the reasons described in this Opinion, plaintiffs' claims are conditionally dismissed under the doctrine of <u>forum non conveniens</u>.

## **Background**

The following facts are taken from the Second Amended Complaint ("SAC"), documents integral to the complaint or incorporated therein, and where appropriate, the parties' submissions on Halkbank's motion to dismiss.

I.   The Parties

The 876 plaintiffs in this action are judgment creditors of Iran.  Each plaintiff is either a direct victim of an overseas terrorist attack committed by a group linked to Iran or a surviving family member of a deceased victim of an overseas terrorist attack committed by a group linked to Iran.[1]  Most of the plaintiffs do not reside in the United States: of the 670 plaintiffs for whom residency information is known, 468 reside in a foreign country.  Of the 202 plaintiffs known to reside in the United States, only nine are known to reside in New York.

Each plaintiff sued Iran in the United States District Court for the District of Columbia pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1605 et seq., seeking damages stemming from these attacks.  In each instance, Iran defaulted, and in each instance, the district court awarded a default judgment to the plaintiffs.  The awards consist of both compensatory and punitive damages.  Collectively, the plaintiffs in this action are owed over $10 billion by Iran.  Iran has not satisfied any of the judgments.

Defendant Halkbank is a Turkish financial institution, organized under Turkish law and headquartered in Turkey. Halkbank operates almost entirely in Turkey: only a tiny

---

[1] The attacks at issue occurred in Lebanon, Tanzania, Kenya, Israel, a Jewish settlement in the Gaza Strip, and Iraq.

percentage of its branches are located outside of Turkey, and
Halkbank has no branches or employees in the United States.  A
significant majority of the shares in Halkbank -- greater than
75 percent of the outstanding shares -- are owned by the Turkey
Wealth Fund, while the remaining shares are publicly traded.
The Turkey Wealth Fund, in turn, is controlled by the Turkish
government.  Halkbank is subject to other mechanisms of control
by the Turkish government: the Halkbank Board of Directors is
elected by the Turkish General Assembly, and the Turkish
Ministry of Treasury and Finance supervises Halkbank's
operations.

II.  Halkbank's Relationship to Iran

Between 2011 and 2013, the United States imposed sanctions
on Iran's overseas financial transactions related to its
proceeds from its trade in oil and precious metals.  In 2011,
Congress enacted a law that prohibited, in most instances,
foreign financial institutions from facilitating petroleum
transactions with Iran.  National Defense Authorization Act for
Fiscal Year 2012, Pub. L. No. 112-81, §§ 1245(d)(1)-(4), 125
Stat. 1298, 1647-49 (Dec. 31, 2011).  Then-President Obama
issued an Executive Order implementing the sanctions statute and
authorizing the Secretary of the Treasury to impose restrictions
on foreign financial institutions that engaged in significant
financial transactions with the National Iranian Oil Company

19

("NIOC") or the Central Bank of Iran.  Exec. Order No. 13622, 77
Fed. Reg. 45,897, 45,899 (Aug. 2, 2012).  Similar restrictions
were also imposed on precious metal transactions with Iran.  22
U.S.C. § 8804(a)(1)(A).  Foreign financial institutions that
violated these restrictions could be prohibited from maintaining
correspondent accounts in the United States.  22 U.S.C. §
8804(c).

   After the sanctions were implemented, plaintiffs allege
that the government of Iran conspired with Halkbank and third
parties to evade U.S. sanctions.  According to plaintiffs, NIOC
sold oil to Turkish purchasers, and the proceeds were deposited
at Halkbank.  At NIOC's direction, the money would be
transferred within Halkbank to Halkbank correspondent accounts
belonging to an Iranian bank.  The Iranian bank would then order
the money transferred from the Iranian bank's Halkbank account
to a Halkbank account belonging to a shell company.  After the
money had been transferred to the shell company, a confederate
would use the shell company's funds to purchase gold in Turkey,
export the gold to Dubai, sell the gold in Dubai, and deposit
the proceeds in Iranian accounts at banks based in Dubai.  Iran
could then use the funds in the Dubai accounts to make
international payments.  According to the plaintiffs, over $900
million in funds were derived from these fraudulent transactions

and directed through correspondent accounts at U.S. financial institutions between December 2012 and October 2013.  At least some of these funds passed through accounts at banks based in New York.  Even after stricter U.S. sanctions were implemented in February 2013, Iran continued to make fraudulent transactions via Halkbank, but, with Halkbank's assistance, falsely represented that the transactions involved the purchase of food, as food purchases were not covered by U.S. sanctions.  Halkbank retained hundreds of millions of dollars in payment for its role in the scheme.

In 2016, Reza Zarrab, a participant in the scheme, was arrested upon attempting to enter the United States and charged with several crimes in the United States District Court for the Southern District of New York, including conspiracy to defraud the United States, conspiracy to violate the International Emergency Economic Powers Act, conspiracy to commit bank fraud, and conspiracy to commit money laundering.  United States v. Zarrab et al., No. 15 Cr. 867(RMB).  In 2017, Mehmet Atilla, deputy general manager of Halkbank, was arrested and charged with similar crimes.  Zarrab pleaded guilty, while Atilla was convicted by a jury after trial in 2018 and was sentenced to 32 months in prison.  Halkbank general manager Suleyman Aslan and

another Halkbank employee, Levent Balkan, were also indicted and
remain fugitives.

In 2019, Halkbank itself was indicted in the Southern
District of New York.  The district court has denied Halkbank's
motion to dismiss the indictment on the grounds of foreign
sovereign immunity.  The denial of the motion to dismiss is on
appeal.  <u>United States v. Turkiye Halk Bankasi A.S.</u>, No. 20-3499
(2d Cir.).

III. Procedural History

On March 27, 2020, the plaintiffs filed their complaint
under seal.  On July 1, the plaintiffs filed an <u>ex parte</u> motion
for a temporary restraining order and for an order of attachment
pursuant to Rule 64, Fed. R. Civ. P. and N.Y. C.P.L.R. § 6210.
This Court granted the temporary restraining order later that
day, ordered the plaintiffs to post a bond of $100,000 pursuant
to Rule 65, Fed R. Civ. P., and ordered the plaintiffs to serve
Halkbank's criminal defense counsel and registered process agent
with the relevant filings.  The case was unsealed on July 16,
and the plaintiffs filed an amended complaint.  With permission,
the plaintiffs filed the SAC on August 14.

The SAC asserts four causes of action.  First, it brings a
claim for rescission and turnover of fraudulent conveyances,

pursuant to N.Y. Debt. & Cred. Law § 273-a.[2]  Second, it brings a claim for rescission and turnover of fraudulent conveyances made with actual intent, pursuant to N.Y. Debt. & Cred. Law § 276. Third, it brings a claim for turnover under N.Y. C.P.L.R. § 5225.  Finally, it seeks turnover pursuant to the Terrorism Risk Insurance Act, § 201(A), 28 U.S.C. § 1610(f)(1)(A).

On September 10, this Court denied the plaintiffs' motion for attachment and vacated the temporary restraining order it had issued in July.  On September 25, Halkbank moved to dismiss the SAC.  The motion became fully submitted on December 16, 2020.

## Discussion

Halkbank has moved to dismiss on several grounds.  Halkbank argues that it is entitled to sovereign immunity as an agency or instrumentality of Turkey under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1604, requiring dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P.; that this Court lacks personal jurisdiction over

---

[2] On April 4, 2020, after the filing of the initial complaint in this action, a new version of New York's fraudulent conveyance statute took effect.  Uniform Voidable Transactions Act, 2019 Sess. Law News of N.Y. Ch. 580 (A. 5622)(McKinney's).  Since the new statute "shall not apply to a transfer made" before its effective date, id. at § 7, references to the New York fraudulent conveyance statute in this Opinion are to the version that was in effect prior to April 4, 2020.

Halkbank, requiring dismissal pursuant to Rule 12(b)(2), Fed. R.
Civ. P.; that this Court should dismiss pursuant to the doctrine
of <u>forum non conveniens</u>; and that the Court is obligated to
dismiss for failure to state a claim pursuant to Rule 12(b)(6),
Fed. R. Civ. P.

Three of these arguments present threshold issues of
jurisdiction.  "A federal court has leeway to choose among
threshold grounds for denying audience to a case on the merits."
<u>Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.</u>, 549 U.S.
422, 431 (2007) (citation omitted).  <u>Forum non conveniens</u> is one
such threshold ground.  As such, a district court "may dispose
of an action by a <u>forum non conveniens</u> dismissal, bypassing
questions of subject-matter and personal jurisdiction, when
considerations of convenience, fairness, and judicial economy so
warrant."  <u>Id</u>. at 432.  For the reasons discussed below, this
action is dismissed based on the doctrine of <u>forum non
conveniens</u>.

Halkbank argues that this case should be litigated in
Turkey.  The Second Circuit has set forth a three-part test for
evaluating motions to dismiss on the basis of <u>forum non
conveniens</u>.  The first step requires a court to "determine[] the
degree of deference properly accorded the plaintiff's choice of
forum."  <u>Norex Petroleum Ltd. v. Access Indus., Inc.</u>, 416 F.3d

146, 153 (2d Cir. 2005).  The second part of the analysis involves "consider[ing] whether the alternative forum proposed by the defendants is adequate to adjudicate the parties' dispute."  Id.  "Finally, at step three, a court balances the private and public interests implicated in the choice of forum."  Id.  District courts have "broad discretion" in evaluating and weighing these factors.  Iragorri v. United Technologies Corp., 274 F.3d 65, 72 (2d Cir. 2001) (en banc) (citation omitted).  Here, these factors weigh in favor of dismissing the complaint on the grounds of forum non conveniens.

I.   Deference to the Plaintiffs' Choice of Forum

"[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum."  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 265-66 (1981).  But the strength of that presumption can "var[y] with the circumstances."  Iragorri, 274 F.2d at 71.  The Second Circuit has instructed that the strength of the presumption in favor of the plaintiff's choice of forum "moves 'on a sliding scale' depending on the degree of convenience reflected by the choice in a given case."  Norex, 416 F.3d at 154 (quoting Iragorri, 274 F.3d at 71).  Courts are instructed to give greater deference to the plaintiff's choice when "it appears that . . . [the] choice of forum has been dictated by reasons that the law recognizes as valid," such as genuine considerations of convenience and "the plaintiff's or the

25

lawsuit's bona fide connection to the United States."  Iragorri,
274 F.3d at 71-72.

The deference analysis ultimately depends on "the totality
of circumstances supporting a plaintiff's choice of forum,"
Norex, 416 F.3d 154, but the Second Circuit has set forth
factors to guide a district court's determination of the
appropriate level of deference.  A district court should
consider "the convenience of the plaintiff's residence in
relation to the chosen forum, the availability of witnesses or
evidence to the forum district, the defendant's amenability to
suit in the forum district, the availability of appropriate
legal assistance, and other reasons relating to convenience or
expense."  Iragorri, 274 F.3d at 72.  By contrast, a court
should give little deference when the plaintiff's choice of
forum is motivated by "attempts to win a tactical advantage
resulting from local laws that favor the plaintiff's case, the
habitual generosity of juries in the United States or in the
forum district, the plaintiff's popularity or the defendant's
unpopularity in the region, or the inconvenience and expense to
the defendant resulting from litigation in that forum."  Id.

Here, the plaintiffs' choice of forum is entitled to
minimal deference.  Most of the plaintiffs in this action are
foreign.  There is "little reason to assume that [a U.S. forum]

26

is convenient for a foreign plaintiff."  Iragorri, 274 F.3d at
71.  While some of the plaintiffs are U.S. residents, and nine
reside in New York state, the plaintiffs' choice of forum in
cases where the U.S. resident plaintiffs are significantly
outnumbered by foreign plaintiffs is entitled to less deference.
Additionally, the underlying facts in this litigation involve
terrorist attacks in foreign countries and an alleged fraudulent
scheme orchestrated primarily in Turkey.  The series of
judgments were entered in the District of Columbia.  In sum,
there is little, if any, connection between this action and this
forum.  This lack of connection between the plaintiffs and the
subject matter of the litigation on the one hand, and the forum
on the other, weighs against deferring to plaintiffs' choice of
forum.

Considering the remaining Iragorri factors, it appears that
almost all of the relevant evidence is located in Turkey.  Much
of the relevant documentary evidence is in the custody of
Halkbank, and the documents are stored in Turkey and written in
Turkish.  Similarly, many of the potentially relevant witnesses
are Halkbank employees, and those employees are in Turkey.
Those witnesses are outside the subpoena power of this Court.
The difficulty of conducting discovery in this litigation if it
continues in the United States weighs against deference to the

plaintiffs' choice.  Further, Iragorri instructs courts to consider the amenability of the defendant to suit in the forum district.  It is unclear if Halkbank is even amenable to suit in the United States, as it has contested jurisdiction in both this case and the criminal case.

The plaintiffs stress that the Halkbank scheme permitted the funds to move through New York financial institutions without seizure either by the U.S. Government or by the plaintiffs as judgment creditors.  They emphasize that Halkbank representatives repeatedly lied to U.S. bank and government officials to effect transfers of funds through New York. Balancing all of the relevant factors, the plaintiffs' choice of forum is not entitled to substantial deference, but it is entitled to some, albeit minimal, deference.

II.  Turkey as an Adequate Alternative Forum

"To secure dismissal of an action on grounds of forum non conveniens, a movant must demonstrate the availability of an adequate alternative forum."  Norex, 416 F.3d 157.  The parties dispute whether a Turkish court can provide an adequate alternative forum for this dispute.

"A forum in which defendants are amenable to service of process and which permits litigation of the dispute is generally adequate."  Abdullahi v. Pfizer, Inc., 562 F.3d 163, 189 (2d

Cir. 2009).  The test is satisfied if there is some available means of litigating the dispute in the alternative forum. "[T]he availability of an adequate alternative forum does not depend on the existence of the identical cause of action in the other forum, nor on identical remedies."  Norex, 416 F.3d 158 (citation omitted).

The plaintiffs do not dispute that Halkbank is amenable to service of process in Turkey.  Its Chief Legal Advisor has declared that Halkbank will accept service in Turkey and will accept an appropriate Turkish court's exercise of personal jurisdiction.  "An agreement by the defendant to submit to the jurisdiction of the foreign forum can generally satisfy the alternative forum requirement."  Aguinda v. Texaco, Inc., 303 F.3d 470, 477 (2d Cir. 2002) (citation omitted).

The plaintiffs primarily argue that they cannot obtain relief in Turkey because Turkish courts will not recognize their U.S. default judgments on the grounds that those judgments award punitive damages against Iran (a foreign sovereign) stemming from conduct occurring in a third country.  Halkbank disputes this assertion, and the parties have offered competing expert declarations on the amenability of the Turkish courts to plaintiffs' claims.[3]

---

[3] The parties' declarations regarding Turkish law are properly considered upon a motion to dismiss.  The issue of whether

Halkbank and its experts have persuasively demonstrated
several means by which the plaintiffs may recover from Halkbank
under Turkish law for the conduct alleged in the complaint.
These Turkish causes of action are not contingent on the
recognition of the plaintiffs' U.S. judgments by Turkish courts,
and in any event, Halkbank and its experts have shown that
plaintiffs' U.S. judgments may be recognized in Turkey.  This
showing by Halkbank is sufficient to permit a finding that
Turkey is an adequate alternative forum.[4]

Next, while the plaintiffs acknowledge that U.S. courts
have previously found that Turkey's legal system provides an

_____

plaintiffs can secure relief in a Turkish court presents
questions of foreign law, and a district court may determine
questions of foreign law by "consider[ing] any relevant material
or source."  Fed R. Civ. P. 44.1.  In doing so, a court may
weigh the relative "persuasive force of the opinions" expressed
by competing experts.  Itar-Tass Russian News Agency v. Russian
Kurier, Inc., 153 F.3d 82, 92 (2d Cir. 1998).

[4] The analysis presented by the Halkbank experts was far more
persuasive than that from the plaintiffs' expert.  Halkbank
presented the declarations of two Turkish law professors who
specialize in Turkish property law and the law of foreign
judgments.  By contrast, the background of the plaintiffs'
expert is primarily in Turkish intellectual property law.  In
addition to possessing more impressive credentials in relevant
areas of Turkish law, the Halkbank experts' statements were far
more detailed and supported by more extensive citations and
discussion.  Plaintiffs' expert declaration focused on the
enforcement of plaintiffs' U.S. judgments against Iran in
Turkey, while Halkbank's expert declarations addressed in detail
both the enforcement of judgments and the equally relevant issue
of how Halkbank's alleged conduct could give rise to liability
to the plaintiffs under Turkish law.

adequate forum for resolution of civil disputes, they argue that
the situation in Turkey has changed.[5]  Plaintiffs argue that
Turkey is an inadequate forum because the high political
salience of the subject matter of this litigation in Turkey --
the participation of a government-connected enterprise,
Halkbank, in a scheme to transfer Iran's assets under cover of
darkness -- means that they are unlikely to receive a fair
hearing in Turkey.  This sort of argument is disfavored, as the
Second Circuit has held that "it is not the business of our
courts to assume the responsibility for supervising the
integrity of the judicial system of another sovereign nation."
Blanco v. Banco Indus. de Venezuela, S.A., 997 F.2d 974, 982 (2d
Cir. 1993) (citation omitted).  Plaintiffs describe efforts by
Turkish officials to interfere with criminal investigations into
Halkbank in both Turkey and the U.S.  These allegations are
serious and deserve attention.  If plaintiffs were to litigate
this matter in Turkey, however, the litigation would involve

---

[5] Courts in this District and elsewhere have concluded that
Turkey is an adequate alternative forum in the forum non
conveniens context.  See, e.g., Can v. Goodrich Pump & Engine
Control Systems, Inc., 711 F.Supp.2d 241, 258 (D. Conn. 2010);
Turedi v. Coca Cola Co., 460 F.Supp.2d 507, 523-26 (S.D.N.Y.
2006).  Plaintiffs argue that political developments in Turkey
since a 2016 coup attempt have undermined the adequacy of the
Turkish judiciary, so these prior findings are irrelevant.  But
even in the wake of these political developments, U.S. courts
have continued to hold that Turkey is an adequate alternative
forum.  See, e.g., Roe v. Wyndham Worldwide, Inc., No. 18-1525-
RGA, 2020 WL 707371, at *5 (D. Del. Feb. 12, 2020).

Turkey's civil court system rather than its criminal law
enforcement agencies.  Plaintiffs' allegations regarding Turkish
law enforcement are therefore not sufficient to demonstrate that
the Turkish civil court system is an inadequate forum for
plaintiffs' claims, especially given the Second Circuit's
"reluctan[ce] to find foreign courts 'corrupt' or 'biased.'"  In
re Arbitration between Monegasque De Reassurances S.A.M. v. Nak
Naftogaz of Ukraine, 311 F.3d 488, 499 (2d Cir. 2002).

III. Balancing the Private and Public Interests

    Since the plaintiffs' choice of forum is not entitled to
significant deference and Turkey is an adequate alternative
forum for this litigation, the final step of the forum non
conveniens analysis is the weighing of the relevant private and
public interest factors.  The Second Circuit has described the
private interest factors as including "the relative ease of
access to sources of proof; availability of compulsory process
for attendance of unwilling, and the cost of obtaining
attendance of willing, witnesses; . . .  and all other practical
problems that make trial of a case easy, expeditious and
inexpensive."  Iragorri, 274 F.3d at 73-74 (citation omitted).
Public interest factors "include administrative difficulties
associated with court congestion; the unfairness of imposing
jury duty on a community with no relation to the litigation; the
interest in having localized controversies decided at home; and

32

avoiding difficult problems in conflict of laws and the application of foreign law." Aguinda, 303 F.3d at 480.

Here, the private interest factors weigh strongly in favor of litigating this case in Turkey. The underlying facts in this litigation involve an alleged fraudulent scheme conducted in large part by a Turkish bank and its Turkish employees in Turkey. The relevant evidence is largely in Turkey. Apart from Zarrab and Atilla, who are incarcerated in the United States for conduct related to the scheme, the potentially relevant witnesses are in Turkey or the surrounding region, as well. These potential witnesses are beyond the subpoena power of this Court. Trying this case in the United States would not be easy, expeditious, or inexpensive.

The plaintiffs take issue with very little of this assessment. They argue that U.S. prosecutors have possession of relevant documentary evidence, but that does not make such evidence accessible to civil litigants in the United States. Plaintiffs also contend that "potential" witnesses will be unable to enter Turkey. The only potential witness identified by the plaintiffs is a former Turkish law enforcement official involved in an investigation into Halkbank who was allegedly forced to flee Turkey. Plaintiffs do not explain why the testimony of this particular law enforcement official is

necessary.  Otherwise, the plaintiffs' submission does not contest that the witnesses to the alleged Halkbank scheme largely reside in Turkey and are beyond this Court's jurisdiction.

The public interest factors also weigh heavily in favor of litigating in Turkey.  There is almost no connection between this case and New York.  Plaintiffs have demanded a jury trial in this action, and it would make little sense to burden a New York court and jury with litigation of this action.  By contrast, Turkey has a more significant interest in hearing this action, which involves a significant Turkish financial institution.

Additionally, this case presents a choice of law dispute, which further weighs in favor of litigating in Turkey.  Halkbank argues that, even if the litigation proceeds in this Court, New York's choice of law rules require the application of Turkish law to the plaintiffs' fraudulent conveyance claims.  The plaintiffs contend that New York fraudulent conveyance law applies.  The presence of this choice of law dispute and the potential application of Turkish substantive law is a further basis for dismissal, since "the public interest factors point towards dismissal where the court would be required to untangle

problems in conflict of laws, and in law foreign to itself."
<u>Reyno</u>, 454 U.S. at 251 (citation omitted).

IV.   Conditions of Dismissal

Because the plaintiffs' choice of forum commands minimal
deference, Turkey is an adequate alternative forum for this
action, and the private and public interest factors weigh
strongly in favor of dismissal, this action is dismissed on the
grounds of <u>forum non conveniens</u>.  In order to ensure that this
case is eventually heard on the merits in Turkey, however,
conditional dismissal is proper.  <u>Blanco</u>, 997 F.2d at 984
("[F]orum non conveniens dismissals are often appropriately
conditioned to protect the party opposing dismissal.")
Dismissal shall be conditioned on Halkbank's agreement to accept
service in Turkey, submit to the jurisdiction of Turkish courts,
and waive any statute of limitations defense that may have
arisen since the filing of this action.  The parties shall
submit an agreement to litigate in Turkey in accordance with
these conditions.  A scheduling order accompanies this Opinion.

## **Conclusion**

Halkbank's September 25, 2020 motion to dismiss is
conditionally granted.

Dated:    New York, New York
          February 16, 2021

_____
                DENISE COTE
        United States District Judge